**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

IN RE:
PHYLLIS M. KILGORE                                    CASE NO. 10-10311

DEBTOR                                                CHAPTER 13

## MEMORANDUM OPINION AND ORDER

Under 11 U.S.C. § 1322(b)(2), a chapter 13 plan may modify the rights of the holders of secured claims. Claims secured only by a security interest in real property that is the debtor's principal residence are protected from modification by the same subsection of the Bankruptcy Code. This "antimodification" provision reflects congressional intent giving "favorable treatment" to residential mortgage lenders "to encourage the flow of capital into the home lending market." *Nobelman v. American Savings Bank*, 508 U.S. 324, 332 (1993) (Stevens, J., concurring). The issue in this case is whether the use of a portion of the debtor's primary residence for business purposes is sufficient to permit modification of a claim secured only by a security interest in the real property that is the debtor's principal residence. A plain reading of the language of 11 U.S.C. § 1322(b)(2) and the facts of this case show the use of a portion of a residence for business purposes does not limit application of the antimodification provision.

The debtor's Amended Plan dated 10/13/10 (Doc. No. 21), treats the mortgage claim as having a secured value of $39,500.00. The undisputed amount of the claim, per the Plan and the creditor's Proof of Claim No. 6, is $71,795.44. Debtor's Schedule A and the Plan describe the collateral as a "Single Family Residence located at 2656 State Route 8, South Portsmouth, KY 41174, monthly pmt $780.00, w/ 2 arrears (debtor runs beauty shop out of the backside of the home known as 'Back Door Hair Cottage')." Creditor BAC Home Loans Servicing, LP objected to the proposed Plan treatment of the mortgage lien as violating the antimodification provision of 11 U.S.C. § 1322(b)(2).

Debtor has lived in the home located on the real property for at least six years and at all times since the execution of the note and mortgage on August 13, 2007. Doc. No. 24, Exhibit A

1

at 6-7 and Exhibit B at 8-21.  Debtor has used the rear portion of the residence as a hair salon for approximately ten years.

Bank of America purchased Countrywide in July 2008.  Bank of America mortgages are serviced by creditor, BAC Home Loans Servicing, LP f/k/a/ Countrywide Home Loans Servicing, LP.

The mortgage contains an owner occupancy clause at paragraph 6 which provides the borrower shall occupy the property within sixty days of executing the mortgage and shall continue to occupy the property as a personal residence for at least one year.  Doc. No. 24, Exhibit B at 13.  The debtor completed a Uniform Residential Loan Application dated August 13, 2007, seeking a conventional mortgage for the purpose of refinancing a loan on the debtor's primary residence.  Doc. No. 24, Exhibit C at 22-26.  The Application contains a declaration in part VIII that the debtor intends to occupy the property as a primary residence.  Doc. No. 24, Exhibit C at 25.

Application of the 11 U.S.C. § 1322(b)(2) antimodification provision requires: (1) the property securing the claim must be real property and (2) the real property must be the debtor's principal residence.  *In re Shepherd*, 381 B.R. 675, 679 (E.D. Tenn. 2008).  The record establishes both requirements are met.  It is undisputed that the property securing the claim is real property.  The record clearly shows the real property was, at the time the note and mortgage were executed, and continues to be, the debtor's principal residence.

The bifurcation of the mortgage claim into a secured portion and unsecured portion based on the use of a portion of the residence for a business attempts to improperly rewrite the antimodification provision suggesting the second requirement necessitates the real property *only* be used as debtor's principal residence.  This is an incorrect reading of the statute.  Section 1322(b)(2) requires the claim be secured *only* by a security interest in real property that is the debtor's principal residence.  Not a claim secured by a security interest in real property that is *only* the debtor's principal residence.  The use of a portion of the residence for business purposes does not limit application of 11 U.S.C. § 1322(b)(2).  *In re Baker*, 398 B.R. 198 (Bankr. N.D. Ohio 2008).

The debtor and lender are bound by the terms of the note and mortgage underlying the claim at issue.  *Nobelman*, 508 U.S. at 329; *In re Baker*, 398 B.R. at 203.  The record supports the finding that the note and mortgage were executed for purposes of refinancing indebtedness

on real property that was the debtor's principal residence and the real property remained the debtor's principal residence when the petition for relief was filed. The requirements of the antimodification provision found in 11 U.S.C. § 1322(b)(2) are met and the BAC objection is well-founded.

IT IS THEREFORE ORDERED, the objection of BAC to confirmation of the Amended Plan dated 10/13/10 is sustained. Confirmation of the Plan is denied.

IT IS FURTHER ORDERED, the debtor shall have thirty days to file an amended plan treating the BAC claim as fully secured or to take such alternate action as allowed by the Bankruptcy Code.

Copies to:
Debtor Phyllis M. Kilgore
G. Aaron Huff, Esq.
Joel K. Jensen, Esq.
Beverly M. Burden, Esq. Chapter 13 Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Monday, October 25, 2010
(jms)**